## Bishop v. Federal Life & Casualty Co.

*Samuel J. Goldstein,* for plaintiff.

*George S. Goldstein,* for defendant.

MUSMANNO, J., December 17, 1942.—Plaintiff in this case purchased from defendant an insurance policy which contained a provision reading:

"This insurance does not cover (J) sickness or disease which involves an operation during which a female disease or illness is concurrently treated or surgically corrected."

On August 11, 1940, plaintiff was operated on for acute appendicitis. During the operation the surgeon removed a cyst, the right ovary, part of the right tube and suspended the uterus. Upon claim being made for insurance benefits, the defendant company declined payment, asserting that that part of the operation which involved the female organs came within the exclusion of the provision above quoted. A verdict was returned for the plaintiff, and a motion is now filed for judgment n. o. v.

We will not discuss (although we might) the question whether the provision under discussion is not void because it violates public policy. It would seem a most dangerous proposition to arrest the arm of the surgeon in the midst of an operation because if he corrects something which he now sees, but which was not known beforehand, the helpless person under his knife will be denied recovery on the insurance contract he or she has purchased.

When the plaintiff presented herself for operative treatment at the hospital, she said nothing to the surgeon about female disease or illness. The surgeon was not directed to remove any cyst or ovary. He was to remove her appendix and that was all. However, entering the abdominal cavity, he discovered another situa-

tion which needed correction and as a capable, prudent and humane surgeon he proceeded to make the correction. To deny recovery in this case we must find that in the circumstances here related the patient was to have roused herself from the anesthetic, grasped the surgeon's arm, and cried out: "Hold! Drop your knife! That part of my body is excluded from my insurance policy!"

In such a state of affairs it is our opinion that the law does not require an operative patient to retain one eye open to follow the surgeon so as to keep his scalpel away from such portion of the anatomy as may be excluded by the insurance policy.

We say that we might deny defendant's motion for judgment n. o. v. on the proposition that the indicated provision is contrary to public policy. However, it is not necessary to do so because the case was presented in such a manner as to make the issue involved one simply of fact, which was decided by the jury in favor of the plaintiff.

Dr. Hughes testified that plaintiff was not suffering from any disease or illness apart from acute appendicitis, and that no disease or illness was concurrently treated or surgically corrected. Asked specifically: "Doctor, was there any relation or connection between the ovary and the inflamed appendix?" he replied: "None at all." Further: "Would you state whether or not her condition apart from the appendix contributed to her disablement?" The answer to this was: "No."

These questions then were in effect submitted to the jury and the jury answered them in favor of plaintiff. The issue involved was simply one of fact, precisely for the jury to determine.

The motion for judgment non obstante veredicto is refused.